IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AARON THOMPSON,                              )
                                             )
                Petitioner,                  )
                                             )
        v.                                   )        C.A. No. 23-1471 (GBW)
                                             )
BRIAN EMIG, Warden, and                      )
ATTORNEY GENERAL OF THE                      )
STATE OF DELAWARE,                           )
                                             )
                Respondents.                 )

## MEMORANDUM ORDER

Pending before the Court are the following motions filed by Petitioner Aaron

Thompson:  Motion for Amended Petition for Writ of Habeas Corpus (D.I. 31);

Motion for Additional Page Limit Extension (D.I. 32); Motion for Production of

Documents (D.I. 37); Motion for 12 Day Extension of time to file reply (D.I. 38);

Motion for Supplement (D.I. 39); Motion for Rule 6 Disclosures and Discovery

(D.I. 41); Motion for Rule 33 Interrogatories (D.I. 42); Motion to Supplement

Pending 2254 *Habeas Corpus* Petition (D.I. 44); Request to Supplement Pending

2254 *Habeas Corpus* Petition (D.I. 45); Motion for Discovery and Disclosure of

FCC Documents (D.I. 46); Motion for Discovery of Willis Rollins' Statement

(D.I. 47); Motion for Discovery Pursuant to Rule 6 of the Rules Governing Section

2254 Cases (D.I. 48); and Motion for Discovery and Disclosure of Evidence

Indicative of the State's Knowledge of FCC Documents Disproving State's Cross-Billing Theory (D.I. 49).

At Wilmington on this 24th day of September 2025, **IT IS HEREBY ORDERED** that:

1.    By letter filed July 8, 2025 (D.I. 49-1), Petitioner requested that his Motion for Discovery and Disclosure of FCC Documents (D.I. 46) be withdrawn and replaced with a corrected motion titled Motion for Discovery and Disclosure of Evidence Indicative of the State's Knowledge of FCC Documents Disproving State's Cross-Billing Theory (D.I. 49). Petitioner's construed motion to withdraw his Motion for Discovery and Disclosure of FCC Documents (D.I. 49-1) is **GRANTED** and the Motion for Discovery and Disclosure of FCC Documents (D.I. 46) is **WITHDRAWN**.

2.    Petitioner's remaining Motions for Discovery (D.I. 37; D.I. 41; D.I. 42; D.I. 47; D.I. 48; D.I. 49) are **DENIED without prejudice** for the following reasons:

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Decisions on discovery are subject to the district court's discretion. *See Williams v.* Beard, 637 F.3d 195, 209 (3d Cir. 2011). Pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a court may authorize a party to conduct discovery under the Federal Rules of Criminal or

Civil Procedure only if the court determines there is "good cause" for such discovery. *See* Rule 6(a). A petitioner may satisfy the "good cause" standard by setting forth specific allegation which, if fully developed, would entitle the petitioner to relief. *See Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Williams*, 637 F.3d at 209. When determining if "good cause" exists, the court should consider the "essential elements" of the petitioner's underlying habeas claim. *See Bracy*, 520 U.S. at 904.

Petitioner's numerous discovery motions seek information on a variety of topics, but substantially focus on three subject matters: (1) the location of Leonard's Trucking during the relevant time period; (2) whether payments for a MetroPCS phone could have been made through the Vesta app during the relevant time period; and (3) Willis Rollins's police statements. All three issues appear to be matters that Petitioner and his counsel were aware of at some point during his state court proceedings, the first directly tied to an ineffective assistance of counsel claim exhausted in postconviction proceedings and raised herein. After preliminarily reviewing the parties' filings and the record provided by the Respondents, the Court is not persuaded that the requested records would aid Petitioner in demonstrating that he may be entitled to relief. In addition, it appears that the record currently

before the Court is sufficient for the Court to rule on the Petition.[1]  Under these

circumstances, the Court finds that Petitioner has failed to demonstrate good cause

for his discovery requests.  Nevertheless, if the Court subsequently determines that

discovery would be appropriate, the Court will reconsider the issue.

      3.      Petitioner's Motions to Supplement his Petition (D.I. 44; D.I. 45) are

**GRANTED**.  The Court will consider the information in the aforementioned

motions when it reviews the pending Petition.

      4.      The substance of Petitioner's Motion for Amended Petition for Writ of

Habeas Corpus (D.I. 31), Motion for Additional Page Limit Extension (D.I. 32),

Motion for 12 Day Extension of time to file reply (D.I. 38), and Motion for

Supplement (D.I. 39) have all been addressed and/or resolved by the filing of the

Supplement to/Amended Petition (D.I. 33) and Petitioner's Reply (D.I. 40).

---

[1]    Petitioner's Petition for Writ of Habeas Corpus contains both claims decided on the merits in state court and procedurally defaulted claims.  When reviewing claims under § 2254(d), the Court is limited to the record that was before the state court that adjudicated the claims on the merits.  *See* 28 U.S.C. § 2254(d)(2); *Cullen v Pinholster*, 563 U.S. 170, 180-185 (2011).  To the extent Petitioner relies on *Martinez v. Ryan*, 566 U.S. 1 (2012) to overcome his procedurally defaulted claims, a federal habeas court, faced with a claim that state post-conviction counsel failed to develop evidence to support a defaulted habeas claim, is prohibited from holding an evidentiary hearing or otherwise expanding the state court record to introduce evidence to support that claim unless the petitioner has satisfied one of § 2254(e)(2)'s two narrow exceptions to AEDPA's general bar on evidentiary hearings.  *See Shinn v. Ramirez*, 596 U.S. 366, 384 (2022); *see also Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713, 724 (3d Cir. 2022) (instructing that, before holding hearing on whether petitioner can overcome procedural default under *Martinez*, federal habeas court must first decide whether underlying defaulted habeas claim "succeeds considering only the state court record").  Additionally, the Court's preliminary analysis does not indicate that Petitioner can satisfy the narrow exceptions to § 2254(e)(2).

Therefore, the aforementioned motions (D.I. 31; D.I. 32; D.I. 38; D.I. 39) are **DISMISSED as moot**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE